**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBINSON HAMONANGAN K. PASARIBU, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-73255 <br><br> Agency No. A095-630-017 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Robinson Hamonangan K. Pasaribu, a native and citizen of Indonesia,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Pasaribu's contentions related to asylum and equitable tolling of the one-year filing requirement because he failed to raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also deny Pasaribu's request to take judicial notice of the 2010 U.S. Department of State International Religious Freedom Report for Indonesia. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the agency's decision).

The BIA did not abuse its discretion in denying Pasaribu's motion to reconsider his withholding of removal claim in light of this court's disfavored group cases because Pasaribu did not demonstrate sufficient individualized risk to show it is more likely than not he would be persecuted in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir. 2009) ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Finally, we reject Pasaribu's requests that the

10-73255

court reconsider its stance regarding a pattern or practice of persecution or require the agency to revisit the issue in light of the 2010 religious freedom report.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

10-73255